Case 3:22-cv-01057-SDD-SDJ    Document 16    04/30/24    Page 1 of 4

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LONNIE J. KAHOE, SR.                                                          CIVIL ACTION NO.

VERSUS                                                                                  22-1057-SDD-SDJ

STEVE HAMPTON LEA, ET AL.

## ORDER

This matter comes before the Court on the Complaint, as amended, of Plaintiff, Lonnie J. Kahoe, Sr., who is representing himself and was previously incarcerated.[1] Kahoe has included the following unrelated claims in his Complaint: (1) claims regarding the conditions of his confinement including cold temperatures, mold, and a bleach smell;[2] (2) complaints regarding COVID, COVID testing protocols, and the like;[3] (3) issues surrounding Kahoe's competency evaluation and his underlying criminal trial;[4] and (4) an incident wherein a nurse forced Kahoe to provide blood samples.[5]

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows a party to "join as many claims as it has against an opposing party." However, the official commentary of Rule 18 emphasizes that amended Rule 18(a) "deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claim if fairness or convenience justifies separate treatment."[6] Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any

---

[1] R. Docs. 1 & 4.
[2] R. Doc. 1, pp. 4-6.
[3] R. Doc. 1, pp. 7-8.
[4] R. Doc. 1, pp. 8-9.
[5] R. Doc. 1, p. 10.
[6] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.

question of law or fact common to all defendants will arise in the action." On the other hand, if the claims arise out of the different events and do not involve all defendants, joinder should not be allowed under Rules 18(a) and 20.[7] In sum, joinder should not be allowed unless all claims arose out of the same transaction and present common questions; if the claims arise from different events and do not involve all defendants, joinder should not be allowed.[8]

Further, severing unrelated claims brought by a prisoner[9] is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one action would frustrate the purposes of the Prison Litigation Reform Act.[10] Indeed, the Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision.[11]

The above claims are distinct and unrelated, so they are improperly joined. It is unclear who the intended defendants are for each claim, but it appears that the intended defendants for claim one include Steve Hampton Lea,[12] Robbins, Bolden, Reed, Terry, and LMSW Paula Claire Crosby, Nurse Barbara Wilson, Nurse Tiffany, Sandra Lee, Sharonda Reames, Clarence, White, Stevie Faust, James Hussey, and Dr. Jose Artecona.[13] Claim two regarding COVID appears to include Nurse Tiffany, Dr. Peridoux, and other unknown staff deputies.[14] The third claim arising from Kahoe's competency evaluation and "mental health sham" appears to be directed towards

---

[7] *Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[8] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[9] Kahoe was a prisoner when he filed this action.
[10] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered*, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd*, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[11] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").
[12] Though specific allegations are not made in reference to Lea in claim one, he is listed as "CEO" of the Eastern Louisiana Mental Health System. R. Doc. 1, p. 4.
[13] Kahoe only included last names for many of these Defendants. R. Doc. 1, pp. 6-7.
[14] R. Doc. 1, pp. 7-8.

Judge Karen Heemans and Justin Woods.[15] Finally, the fourth claim arising from the incident where blood was drawn from Kahoe appears directed to a Nurse Mel, Lt. Johnson, and two other unknown deputies.[16] The conditions of confinement claim regarding cold temperatures, mold, and a bleach smell will remain in this action. The other three separately identifiable claims will be severed and filed as new cases.

**IT IS ORDERED** that this case No. 22-1057 is **SEVERED** into four separate causes of action and bearing the titles as shown below.[17] The case number for each new case will be sent to Kahoe at his address of record as soon as a case number is assigned to his cause. The four severed cases are titled as follows:

Civil Action No. 22-1057, *Kahoe v. Lea* (this original cause number remains unchanged and hereafter only applies to the claims arising from Kahoe's conditions of confinement, specifically, cold temperatures, mold, and a strong bleach smell against Steve Hampton Lea, Robbins, Bolden, Reed, Terry, and LMSW Paula Claire Crosby, Nurse Barbara Wilson, Nurse Tiffany, Sandra Lee, Sharonda Reames, Clarence, White, Stevie Faust, James Hussey, and Dr. Jose Artecona.

Civil Action No. 24-___, *Kahoe v. Tiffany*, which contains the claims surrounding COVID and includes Nurse Tiffany, Dr. Peridoux, and Unknown Staff Deputies.

Civil Action No. 24-___, *Kahoe v. Heemans*, which includes the issues arising from Kahoe's competency evaluation and "mental health sham" against Judge Karen Heemans and Justin Woods.

---

[15] R. Doc. 1, pp. 9-10.
[16] R. Doc. 1, p. 10.
[17] The Court has done its best to ascertain the proper Defendants for each action, but to the extent other Defendants should be named, Kahoe can correct the names in an amended complaint.

Civil Action No. 24-___, *Kahoe v. Mel*, involving the incident wherein Kahoe's blood was forcibly drawn and includes Nurse Mel, Lt. Johnson, and Unknown Deputies.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint,[18] Amended Complaint,[19] and a copy of this Order into each of the newly opened cases noted above.

**IT IS FURTHER ORDERED** that Kahoe must either pay the $405.00 filing fee or file an application to proceed *in forma pauperis* in **each** of the newly opened cases.

Signed in Baton Rouge, Louisiana, on April 30, 2024.

*Scott Johnson*

  **SCOTT D. JOHNSON**
  **UNITED STATES MAGISTRATE JUDGE**

---

[18] R. Doc. 1.
[19] R. Doc. 4.